**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ALEX MEJIAS,

                                  Plaintiff,                          9:25-cv-528 (BKS/MJK)

v.

C.O. FLINT and SUPERINTENDENT BERNIE THORPE,

                                  Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
Alex Mejias 18-B-2791
Marcy Correctional Facility
P.O. Box 2500
Marcy, NY 13403

*For Defendants:*
Letitia James
Attorney General for the State of New York
Aimee Cowan
Assistant Attorney General
300 South State Street - Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Alex Mejias brings this action under 42 U.S.C. § 1983, alleging claims arising out of his incarceration at Marcy Correctional Facility ("Marcy"). (Dkt. No. 1). Plaintiff alleges that Defendants Bernie Thorpe, Superintendent of Marcy, and Correction Officer Flint failed to protect him from an assault by another inmate, in violation of the Eighth Amendment. (*Id.*). Defendant Thorpe moved to dismiss the Complaint under Federal Rule of Civil Procedure

12(b)(6), for failure to state a claim. (Dkt. No. 15).[1] This matter was assigned to United States

Magistrate Judge Mitchell J. Katz who, on January 27, 2026, issued a Report-Recommendation

recommending that Defendant Thorpe's motion to dismiss the Eighth Amendment failure to

protect claim, be granted. (Dkt. No. 24). Magistrate Judge Katz advised the parties that under 28

U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report

and that the failure to object to the report within fourteen days would preclude appellate review.

(*Id.* at 14). No objections were filed.

As no objections to the Report-Recommendation have been filed, and the time for filing

objections has expired, the Court reviews the Report-Recommendation for clear error. *See*

*Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory

committee's note to 1983 amendment.

In evaluating Defendant Thorpe's motion to dismiss Plaintiff's Eighth Amendment

failure to protect claim, Magistrate Judge Katz found that the Complaint sufficiently alleged that

the "fight club" in the H2 dorm bathroom was "a condition posing a substantial risk of harm,"

(Dkt. No. 24, at 7–8), and that the Complaint sufficiently alleged that Thorpe was aware of the

"fight club," (*id.* at 11). However, Magistrate Judge Katz recommended dismissal on the ground

that the Complaint did not "plausibly allege that Thorpe consciously disregarded the risk by

failing to take reasonable measures to abate the harm," noting that the "Complaint is silent as to

what Thorpe did or did not do with respect to the fight club." (*Id.* at 13).

The Court finds no clear error to the extent Magistrate Judge Katz concluded that

Plaintiff adequately alleged a risk of serious harm and Thorpe's knowledge of that risk. *See Vega*

---

[1] After receiving an extension of time to respond to Defendant Thorpe's motion to dismiss, (Dkt. No. 20), Plaintiff notified the Court that he would not be filing a response to the motion, (Dkt. No. 21).

*v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) ("To state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see Bacon v. Evans*, No. 20-cv-6337, 2021 WL 5643038, at *4, 2021 U.S. Dist. LEXIS 231335, at *13–14 (S.D.N.Y. Dec. 1, 2021) (observing that the "first prong, often referred to as the 'objective' prong," requires a plaintiff to show "'the deprivation of a basic human need such as reasonable safety,' due to [a d]efendant's 'creation of a substantial risk of harm'" and that the "second prong, often referred to as the 'subjective' prong," requires a plaintiff to show that a defendant "'was deliberately indifferent to an excessive risk to inmate health or safety'" (quoting *Bouknight v. Shaw*, No. 08-cv-5187, 2009 WL 969932, at *4–5, 2009 U.S. Dist. LEXIS 35402, at *12–13 (S.D.N.Y. Apr. 6, 2009)).

The Court reaches a different conclusion with respect to Magistrate Judge Katz's recommended ground for dismissal—that the Complaint is devoid of allegations that "Thorpe consciously disregarded the risk by failing to take reasonable measures to abate the harm." (Dkt. No. 24, at 13 (finding that the "Complaint is silent as to what Thorpe did or did not do with respect to the fight club")). As an initial matter, Thorpe did not raise this argument in his motion to dismiss. Thorpe argued only that the Complaint failed to adequately allege that Thorpe was on notice of any general or specific risk of harm stemming from the alleged fight club. (Dkt. No. 15-1, at 8–9); *see Jones v. Albany County Civil Service Com'n*, 985 F. Supp. 280, 282 (N.D.N.Y. 1997) ("A district court may not dismiss an action for failure to state a claim based upon grounds not raised by the parties."); *Hughes v. Anderson*, 449 F. App'x 49, 51 (2d Cir. 2011) (error to dismiss "First Amendment claim with prejudice on a ground not raised by a defendant without

3

giving [plaintiff] notice and opportunity to respond."). *See also Whitley v. Bowden*, No. 17-cv-3564, 2018 WL 2170313, at *12, 2018 U.S. Dist. LEXIS 79287, at *43 (S.D.N.Y. May 10, 2018) (declining to consider argument for dismissal where defendants cited "generic caselaw" in a single sentence; argument was "not sufficiently argued" by defendants, "who [were] represented by counsel and attempting to dismiss a pro se Complaint" (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))) (collecting cases). Thus, it was clear error to recommend dismissal on this ground. Moreover, construing the allegations in the Complaint liberally, it is plausible to infer that despite learning in January 2025 that the H2 dorm bathroom was being used as a fight club, and despite his position as Superintendent of the facility, Defendant Thorpe did nothing since Plaintiff was allegedly injured by an inmate in the H2 bathroom less than a month later. *See Summers v. Burnett*, No. 23-cv-10784, 2025 WL 2773145, at *6, 2025 U.S. Dist. LEXIS 194940, at *18 (S.D.N.Y. Sept. 29, 2025) (declining to dismiss where Sergeant was "informed that an attack on Plaintiff was impending, [and] was in a position to intervene or mitigate the threats to Plaintiff's safety but, according to Plaintiff, did not do so"). Accordingly, the Court rejects the Report-Recommendation to the extent it recommends denying Thorpe's motion to dismiss on the ground that the Complaint fails to allege Thorpe failed to take reasonable measures to abate the harm in connection with the failure to protect claim.

For these reasons, it is

**ORDERED** that the Report-Recommendation, (Dkt. No. 24), is **ACCEPTED in part** and **REJECTED** in part; and it is further

**ORDERED** that Defendant Thorpe's Motion to Dismiss (Dkt. 15) is **DENIED;** and it is further

4

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  April 28, 2026
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge